# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:95cr31-02

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>ERIC CREIGHTON SAMPSON. )<br>_____ ) | <u>**O R D E R**</u> |

**THIS MATTER** is before the Court on the Defendant's Motion to Direct U. S. Probation Officer Cynthia M. Easley to Correct P.S.R. [Doc.297]. The Motion was filed January 16, 2007. The Presentence Investigation Report as issue in that Motion was filed on June 11, 1996.

On May 21, 2008, this case was reassigned to the undersigned. A review of the case disclosed that this motion remains pending.

The Defendant was indicted in 1995 and charged with conspiracy to distribute cocaine and cocaine base. [Doc. 8, filed February 15, 1995]. He entered into a plea agreement with the Government [Doc. 63, filed May 12, 1995] but was subsequently allowed to withdraw his guilty plea [Oral Order, entered October 26, 1995]. After a four day trial, he was found guilty of the

conspiracy charge on December 1, 1995. [Doc. 190]. On June 21, 1996, the Defendant was sentenced to life imprisonment. [Doc. 217]. His conviction and sentence were affirmed on direct appeal. United States v. Sampson, 140 F.3d 585 (4th Cir. 1998).

On July 25, 2001, the Defendant's motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct sentence was denied. Sampson v. United States, 2001 WL 34563140 (W.D.N.C. 2001). His attempt to appeal that denial was rejected by the Fourth Circuit. United States v. Sampson, 26 Fed.Appx. 294 (4th Cir. 2002), *petition for writ of certiorari denied* 536 U.S. 913, 122 S.Ct. 2375, 153 L.Ed.2d 194 (2002). His request for permission from the Fourth Circuit to file a successive application to attack his sentence was denied in January 2006. [Doc. 296, filed January 30, 2006]. In April 2007, the Defendant petitioned the Fourth Circuit for a writ of mandamus to review his direct appeal. The petition was unsuccessful. In *re* Sampson, 224 Fed.Appx. 304 (4th Cir. 2007). Likewise, his petition for a rehearing *en banc* was denied. [Doc. 301, filed June 12, 2007].

The Defendant now claims that the offense level of 45 assigned to him in his Presentence Investigation Report (PSR) was erroneous and therefore must be corrected. On his direct appeal, the issue of his offense level was specifically addressed by the Fourth Circuit which affirmed its

calculation. The Circuit noted that even if it accepted the Defendant's argument that the offense level should be 44 instead of 45, it was of no moment. The Defendant's offense level exceeded the maximum of 43 provided for in the United States Sentencing Guidelines and thus, he was sentenced at level 43 and received a mandatory sentence of life imprisonment. <u>Sampson</u>, 140 F.3d at 594. In addition, the Court is unaware of any procedural mechanism to challenge the PSR by a post-conviction motion to correct, particularly the alleged error or inaccuracy in the PSR was not a basis for the sentence imposed.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Direct U. S. Probation Officer Cynthia M. Easley to Correct P.S.R. [Doc.297] is hereby **DENIED**.

Signed: May 29, 2008

Martin Reidinger
United States District Judge