## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3: 95cr31-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ERIC CREIGHTON SAMPSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant's Motion for Reconsideration (#369). Defendant asks that the court to reconsider its Order (#368) of October 5, 2012, denying defendant's Motion to Reduce Sentence re Crack Cocaine Offense. In that Order, this court denied such motion for the following reason: "No reduction, as there was no change from the defendant's crack cocaine reduction for Amendment 706. Therefore, Amendment 750 is not applicable in this case." Id. p.1. The court also noted that "[r]etained counsel's appearance was noted 6/21/2012, but no response to the supplemental PSR (#363) was filed despite the passage of 90 days." Id.

Under 18 U.S.C. § 3582(c), a federal court generally lacks authority to "modify a term of imprisonment once it has been imposed." Subsection (c)(2), however, permits a court to reduce

> a term of imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing Commission ... upon motion of the defendant
> ... if such a reduction is consistent with applicable policy statements issued by
> the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement, contained in § 1B1.10 of the advisory Sentencing Guidelines, provides that "[a] reduction in the defendant's term of imprisonment ... is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment listed in

subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (2011); see also § 1B1.10(c). The Sentencing Commission has reduced the base offense levels applicable to offenses involving certain quantities of crack cocaine as listed in the Drug Quantity Table contained in § 2D1.1(c). While Part A of Amendment 750 is listed in § 1B1.10(c) and is, therefore, retroactive and may serve as grounds for a reduction of sentence in appropriate cases, "a defendant is ineligible for a reduced sentence if 'the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.'" United States v. Munn, 595 F.3d 183, 187 (4th Cir.2010) (*quoting* U.S.S.G. § 1B1.10 cmt. n. 1 (2008)).

In seeking reconsideration, defendant argues that he has filed a Motion for Appropriate Relief with the state court seeking *vacatur* of his 1990 conviction for assault on a female, arguing in that court that such conviction was obtained in violation of his rights under the United States Constitution. He contends that this court should now reconsider its October 5, 2012, Order and stay its decision under Crack III pending resolution of the motion for appropriate relief because

> [t]hat conviction served as one of the two prior convictions on which Mr. Sampson's career offender enhancement was based, and without which he would not be a career offender.

Motion (#369) p. 3. If the state court vacates the 1990 conviction, defendant contends that he would then be entitled to relief here as he would no longer be subject to the "career offender status." Id. pp. 3-4. Defendant cites no law in support of that conclusion.[1] L.Cr.R.47.1(C).

---

[1]    Counsel for defendant should note that the Local Criminal Rules require reflection of consultation with opposing counsel. L.Cr.R. 47.1(B).

Prevailing case law in the Fourth Circuit is inapposite to defendant's substantive argument. Even if defendant were to prevail before the state court and have his 1990 conviction for assault on a female set aside based on a constitutional violation - - which would amount to "legal innocence" - - such event would not entitle him to reconsideration of the sentence imposed in this court because he could not allege or show that he is "actually innocent" of the career offender enhancement. The Fourth Circuit has clearly held that a claim of "actual innocence" in the context of a sentencing enhancement requires a colorable argument that the defendant is factually innocent of the predicate crimes, not that he was incorrectly classified from a legal perspective. United States v. Pettiford, 612 F.3d 270, 284 (4th Cir.2010) ("actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"); accord Bennett v. United States, 2011 WL 1791305 (May 10, 2011) (Conrad, C.J.). Thus, even if the court were to assume that this new claim is not otherwise barred (and that defendant had properly and timely filed such claim in accordance with 28 U.S.C. § 2255, not 18 U.S.C. § 3582), defendant does not assert that he is factually innocent of the charges underlying his conviction for assault on a female; thus, he would not be entitled to any reconsideration on such basis.

While the Motion to Reconsider will be allowed, after careful consideration of all of defendant's arguments, the court will deny the relief sought and reaffirm its Order (#368) of October 5, 2012, denying defendant's Motion to Reduce Sentence re Crack Cocaine Offense.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Reconsideration (#369) is **GRANTED,** and, after consideration of defendant's argument, the court **DENIES**

the relief sought and **REAFFIRMS** its Order (#368) of October 5, 2012, denying defendant's

Motion to Reduce Sentence re Crack Cocaine Offense.

Signed: October 16, 2012

Max O. Cogburn Jr.
United States District Judge