UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13cv___
[ 3:95-cr-00031-MOC]

| | |
|---|---|
| **ERIC CREIGHTON SAMPSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **INITIAL SCREENING** |
| Vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner's "Motion for Application of Recent Supreme Court Decision in <u>Alleyne v. United States</u>, No. 11-9335 (June 7, 2013)" (#373). As the motion questions the legality of the sentence imposed, the court deems such to be a Motion to Vacate, Set Aside, or Correct Judgment filed in accordance with 28 U.S.C. § 2255.[1]

The court has considered the pending motion and determined that, to the extent petitioner seeks relief under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C. §2255 is appropriate.

First, the petition has not been signed under penalty of perjury, Rule 2(b)(5), Rules Governing Section 2255 Proceedings. Inasmuch as such error could be corrected, the court will consider the substance of the petition; however, for the reasons that follow the court will not require such correction as it appears this action cannot proceed for other reasons.

Second, the court has conducted a review for determination as whether the petition is a

---

1  As petitioner has previously filed a Section 2255 petition (see Motion (#253) in the underlying criminal action and Sampson v. United States, 3:99cv127) the court will not provide a <u>Castro</u> notice.

1

second or successive petition.  Reading the petition in a light most favorable to petitioner, he arguably asserts that despite having previously filed a petition under Section 2255 in 1999, he should be allowed under Section 2255(h)(2) to file a second or successive petition because Alleyne v. United States, No. 11–9335 (U.S. June 17, 2013), establishes a new rule of law.[2]

In Alleyne, the Supreme Court held that that a judge cannot decide whether a defendant's conduct met the requirements for a mandatory minimum sentence unless the defendant waives his entitlement to a jury, but that a jury is unnecessary where the defendant admits facts that require imposition of a minimum sentence.  Id.  As Alleyne specifically overruled Harris v. United States, 536 U.S. 545 (2002) (holding that such determinations may be made by either a judge or a jury), the Court of Appeals for the Seventh Circuit (the only appellate court to have addressed such issue thus far) found that Alleyne establishes a new rule of law.  See Simpson v. United States, ___ F.3d ___, 2013 WL 3455876 (7th Cir. July 10, 2013).  However, that court went on to hold that Alleyne had not been made retroactively applicable to cases on collateral review by the Supreme Court.  Id. (citing Dodd v. United States, 545 U.S. 353 (2005) (holding that the declaration of retroactivity must come from the Supreme Court)).

As in Simpson, petitioner's previous § 2255 filing makes the instant filing a second or successive petition under the *Antiterrorism and Effective Death Penalty Act* (hereinafter the "AEDPA").  See 28 U.S.C. § 2255.  Relief from the requirements of the AEDPA under Section 2255(h)(2) is not, however, a determination that can be made by this court, but is for determination by the Court of Appeals.[3]  Specifically, the AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before

---

[2]     The court notes that it has very broadly construed the petition, finding on its own implicit procedural arguments as petitioner has devoted almost the entirety of his petition to the substance of his claim.

[3]     The discussion of Alleyne is limited to providing context to the petition and to aid the court in making a Rule 11 "Certificate of Appealability" determination.  Such discussion is not intended to bind petitioner or this or any other court.

2

it can be filed in the district court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, this court may not consider the merits of petitioner's claims because he has failed to first seek authorization from the Court of Appeals for the Fourth Circuit before filing it in this court. The court will, therefore, dismiss the instant petition without prejudice and instruct petitioner that he must first seek and obtain permission from the Court of Appeals for the Fourth Circuit before filing a second or successive petition in this court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's "Motion for Application of Recent Supreme Court Decision in Alleyne v. United States, No. 11-9335 (June 7, 2013)" (#373) is deemed to be a second or successive Motion to Vacate, Set Aside, or Correct Judgment filed in accordance with 28 U.S.C. § 2255, and is **DISMISSED** without prejudice as petitioner has failed to first seek leave of the Court of Appeals for the Fourth Circuit before filing such petition in this court.

**Denial of Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief

on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 8, 2013

Max O. Cogburn Jr.
United States District Judge