# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO: 3:95-cr-31-MOC-2

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| ERIC CREIGHTON SAMPSON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018. (Doc. No. 422). Defendant is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina, Inc.

## I.    Background

In December 1995, Defendant was found guilty in this Court of one count of violating 21 U.S.C. §§ 841, 846, and 860 by conspiring to possess cocaine base with the intent to distribute. The indictment alleged that the offense involved "a quantity" of cocaine base, and the jury did not make any special findings as to the particular quantity of cocaine base involved in the offense. See (Doc. No. 422-1: Def. Ex. 1). This Court applied the enhanced statutory penalties of 21 U.S.C. § 841(b)(1)(A), which at the time dictated a statutory penalty range of 10 years to life for offenses involving 50 grams of cocaine base or more. See (PSR at ¶ 63).

Before sentencing, the Probation Office calculated a guidelines range of life imprisonment. (Id. at ¶ 64). The guidelines range was mandatory at that time, so the Court imposed a life sentence. Later, after the Sentencing Commission passed Amendment 706 to retroactively lower the guidelines ranges for crack-cocaine offenses, Defendant's offense level dropped from 44 to 42, producing a guidelines range of 360 months to life. See (Doc. No. 318).

The Court sentenced Defendant to 360 months. (Id.).

Several years later, the Sentencing Commission further lowered the drug guidelines in Amendments 750 and 782. The Probation Office filed a Supplemental PSR, recognizing that Defendant's offense level had dropped by four more levels in light of Amendment 782, for a total offense level of 38. (Doc. No. 393). However, because the career-offender designation raised Defendant's offense level from level II to level VI, Defendant still faced a guidelines range of 360 months to life and was, thus, ineligible for a reduced sentence under Amendment 782. (Id.).

When Defendant was charged and sentenced, the penalties for his offense were driven by Congress's decision in the Anti-Drug Abuse Act of 1986 to punish crack cocaine offenses 100 times more harshly than powder cocaine offenses, disproportionately impacting African-American defendants. To lessen this disparity, Congress passed the Fair Sentencing Act of 2010, Pub. L. 111-220. Section 2 of the Act increased the quantity of cocaine base required to trigger Section 841's enhanced penalties by raising the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." These changes reduced the 100:1 ratio to an 18:1 ratio. Also, Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to people sentenced before the Act's passage.

On December 21, 2018, the First Step Act of 2018 was enacted, giving retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. See Pub. L. 115-135 (2018), § 404. Defendant filed the pending motion through counsel on February 11, 2020, arguing that this Court should exercise its discretion to impose, under the First Step Act, a

reduced sentence of time served and a supervised release term of six years.[1] The Government has filed a response, in which the Government agrees that Defendant is entitled to relief under the First Step Act and that the Court should impose the sentence and term of supervised release requested by Defendant.

**II.     Discussion**

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined in the Act and is, therefore, eligible for a sentence reduction. Second, if the person is eligible, the court must exercise its discretion to determine whether to reduce the defendant's sentence and, if so, by how much. In doing so, the court must consider the Section 3553(a) factors, including the applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation.

First, the parties agree that, in light United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019), the Defendant was sentenced for a "covered offense" as defined in the Act and is, therefore, eligible for a sentence reduction. Furthermore, the Government states in its response that it does not oppose the reduction of Defendant's sentence to time served.[2] After considering the arguments made in

---

[1] Defendant sought eight years in his original motion, but he has corrected the number in informal communications with the Court, and the Government agrees that six years is the applicable supervised release term.

[2] The parties disagree over whether the applicable sentencing guidelines range would be lower had Defendant not been sentenced as a career offender and the extent to which a career offender error may be addressed in the First Step Act context. Because the Government does not object to the sentence reduction, the Court need not explore this issue further. Suffice it to say, the Government states in its response that "because one of [Defendant's] prior convictions that supported his classification as career offender has been vacated, because of [Defendant's] relative lack of disciplinary infractions in the Bureau of Prisons, and because Defendant has already served 345 of a 360-month sentence, the United States consents to a reduction in Sampson's sentence to time served." (Doc. No. 425 at 5).

support of the motion, Defendant's positive institutional record, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that Defendant is eligible for a sentence reduction and that such a reduction is warranted in this case. Accordingly, the Court enters the following Order:

**(1) IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. No. 422) is **GRANTED**, and the Court hereby orders that Defendant's term of imprisonment is reduced to **TIME SERVED**.

**(2) IT IS FURTHER ORDERED** that, upon release from imprisonment, Defendant shall be placed on supervised release for a term of six years.

**(3)** Defendant is therefore **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service. To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

**(4)** The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: March 6, 2020

Max O. Cogburn Jr.
United States District Judge